UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CANDELARIO CORDERO, on behalf of
himself, individually, and all other persons
similarly situated,                                                                  Docket No.:

                              Plaintiff,

                                                                                     **COMPLAINT**

            -against-

ELEZAJ & SONS REALTY ASSOCIATES, LLC,
MARASH ELEZAJ and KOLA ELEZAJ,

                              Defendants.
-----------------------------------------------------------------------X

      Plaintiff, CANDELARIO CORDERO, on behalf of himself, individually, and all other

persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC,

complaining of the Defendants, ELEZAJ & SONS REALTY ASSOCIATES, LLC, MARASH

ELEZAJ and KOLA ELEZAJ (collectively as "Defendants"), allege as follows:

### NATURE OF THE CLAIM

      1.     Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, Articles 6 and

19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL"),

for failure to issue timely payment of wages pursuant to NYLL § 191, failure to furnish a wage

notice upon his hire under NYLL § 195(1), failure to provide accurate wage statements for each

pay period under NYLL § 195(3), and any other claim(s) that can be inferred from the facts set

forth herein.

      2.     Plaintiff brings this lawsuit against the Defendants pursuant to the collective action

provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

all other persons similarly-situated during the applicable FLSA limitations period who suffered

damages as a result of the Defendants' willful violations of the FLSA.  Plaintiff brings his claims

under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action

Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this United States District Court pursuant to 28 U.S.C. §

1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within

the Southern District of New York.

## THE PARTIES

5.      At all times relevant, Plaintiff CANDELARIO CORDERO ("Cordero") was a

resident of the County of Bronx, State of New York.

6.      At all times relevant, Plaintiff Cordero was an "employee" within the meaning of

the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2) and a "manual worker" within the meaning of

NYLL § 190(4).

7.      At all times relevant, Defendant ELEZAJ & SONS REALTY ASSOCIATES, LLC

(hereinafter "Elezaj & Sons") is and was a domestic limited liability corporation with multiple

business locations in the County of Bronx, State of New York.

8.      At all relevant times, Defendant Elezaj & Sons was subject to the requirements of

the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate

commerce and had employees handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce, including but not limited to tools, cleaning

supplies, painting equipment, paint, construction materials, garbage and recycling receptacles, and other tools, equipment and materials.

9.      At all times relevant, Defendant Elezaj & Sons was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

10.      At all times relevant, Defendant MARASH ELEZAJ is and/or was an officer or owner of Elezaj & Sons, had authority to make payroll decisions for Elezaj & Sons, had authority to make hiring, firing and other personnel decisions for Elezaj & Sons, including the decision to terminate Plaintiff's employment, was active in the day to day management of Elezaj & Sons, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

11.      At all times relevant, Defendant KOLA ELEZAJ is and/or was an officer or owner of Elezaj & Sons, had authority to make payroll decisions for Elezaj & Sons, had authority to make hiring, firing and other personnel decisions for Elezaj & Sons, including the decision to terminate Plaintiff's employment, was active in the day to day management of Elezaj & Sons, including the payment of wages to Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

## FACTS

12.      Defendants own and manage rental properties in and around New York City, including within the Bronx, New York.

13.      Defendants employed Plaintiff as a non-exempt superintendent and laborer from in or about February 2017 until on or about January 5, 2021.  Throughout his employment, Defendants did not identify Plaintiff as a superintendent of any building on any signage or postings.

14.     Throughout his employment, Plaintiff was responsible for performing various manual tasks, including but not limited to painting, installing and repairing flooring, electrical work, recycling and garbage removal, sweeping, emergency repairs, and other services as needed.

15.     Throughout his employment, Plaintiff performed these services in multiple buildings managed by Defendants.

16.     Other employees were also assigned to perform similar services in, and some of these other employees resided in, these same multiple buildings managed by Defendants and in which Plaintiff performed his work.

17.     Throughout his employment, Plaintiff regularly worked six to seven days per workweek.  Throughout his employment, Plaintiff regularly worked on Monday through Friday from approximately 8:00 a.m. until 5:00 p.m., or sometimes even later, and on Sunday from approximately 8:00 a.m., though often even earlier, until 5:00 p.m., or sometimes even later. Throughout his employment, Defendants did not afford Plaintiff an uninterrupted meal break during most workdays as Plaintiff received an uninterrupted meal break of approximately thirty minutes during only one or two workdays per workweek.

18.     Additionally, throughout his employment, Defendants required Plaintiff to collect and take out garbage and recycling during the evenings after his regular shift ended for each workday approximately three to four days per week, which commonly required Plaintiff to perform between one to one and one-half hours of additional work to complete.

19.     On Saturdays, throughout his employment, Defendants required Plaintiff to perform certain work as needed, including collecting and taking out garbage and recycling.

20.     Throughout his employment, Defendants required Plaintiff to respond to and remedy any emergencies encountered by Defendants' tenants both during his regular workday and

during his hours off work, including after 5:00 p.m. until 8:00 a.m. each workday and on Saturdays. Throughout his employment, Defendants required Plaintiff to respond to and remedy such emergencies encountered by its tenants during hours outside of his regular workday multiple times per week, often as many as ten to twenty times per month. These services frequently required Plaintiff to return to Defendants' premises when he was not onsite to respond to such emergencies. These emergency services commonly required one or more hours of work to complete for each instance, and could take several hours to accomplish, depending on the nature of the emergency. Plaintiff reported these instances of performing emergency work to Defendants.

21.     Accordingly, Defendants required Plaintiff to work, and Plaintiff did regularly work, well in excess of forty hours during each workweek.

22.     Throughout his employment, Defendants required Plaintiff to be on-call at all times, twenty-four hours per day, seven days per week, to respond to tenant requests and perform work as needed.

23.     Throughout his employment, Defendants required Plaintiff to request permission to leave Defendants' premises during on-call hours outside of his regular workday. From time to time, Defendants refused to permit Plaintiff to leave Defendants' premises and instead required him to remain physically on Defendants' premises to respond to tenant requests and perform work as needed. Thus, during these periods, Defendants required Plaintiff to either work or be engaged to work during these on-call hours, and therefore such on-call hours are compensable hours worked under the FLSA and NYLL.

24.     Throughout his employment, Defendants paid Plaintiff a fixed bi-weekly salary, regardless of his number of hours worked each workweek. Throughout his employment, despite regularly working in excess of forty hours per workweek, Defendants failed to pay Plaintiff at the

statutorily required overtime rate of one and one-half times his regular rate of pay for hours worked in excess of forty hours in violation of the FLSA and NYLL.

25.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to track or maintain records of hours worked by Plaintiff and failing to pay him in accordance with his hours worked in order to intentionally deprive Plaintiff of compensation.

26.     Throughout his employment, Plaintiff regularly performed manual tasks during the majority of his hours worked and, therefore, Plaintiff spent more than twenty-five percent of his hours worked each week performing such manual tasks.

27.     Throughout his employment, Defendants paid Plaintiff by check every two weeks.

28.     Thus, throughout his employment, Defendants failed to timely pay Plaintiff his wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

29.     Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate in his primary language upon Plaintiff's hire as required by NYLL § 195(1).

30.     Defendants failed to provide Plaintiff with accurate wage statements including, *inter alia*, his regular and overtime rates of pay, number of regular and overtime hours worked, or his correct gross pay, net pay, or deductions, during each pay period as required by NYLL § 195(3).

31.     Defendants treated and paid Plaintiff and the collective action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

32.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime compensation for hours worked in excess of forty (40) hours each week.

33.    Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

34.    Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a superintendent, porter, cleaner, painter and/or manual laborer and/or in any other similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

35.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective Action Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

36.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

37.     Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate them for all of their hours worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

38.     Defendants' violations of the FLSA have been willful and intentional.

39.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

40.     Due to Defendants' violations of the FLSA, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### (NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)

41.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

42.     Defendants employed Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate the Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for all hours worked in excess

of forty hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the NYLL.

43.     By Defendants' failure to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, proper overtime wages for hours worked in excess of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

44.     Defendants' violations of the NYLL have been willful and intentional.

45.     Due to Defendants' violations of the NYLL, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF NEW YORK LABOR LAW § 191)

46.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

47.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, were manual workers as defined by the NYLL.

48.     NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

49.     Defendants failed to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

9

50.     Defendants' violations of the NYLL have been willful and intentional.

51.     Due to Defendants' violations of the NYLL, Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(1))

52.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

53.     Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon hire, and failed to provide same in their primary language, regarding their rate of pay; the basis of their rate of pay; the employee's regular or proper pay day; the name, address and telephone number of the employer; and other information, as required by NYLL § 195(1).

54.     Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action with the notice required by NYLL § 195(1), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## FIFTH CLAIM FOR RELIEF
## (VIOLATION OF NEW YORK LABOR LAW § 195(3))

55.     Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

56.     Defendants failed to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action with accurate statements of their wages earned, including their correct hourly regular and overtime rates of pay, the amount of regular and overtime hours worked, gross wages, net wages and deductions, for each pay period as required by NYLL § 195(3).

57.     Due to Defendants' failure to provide Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action with accurate wage statements with their wages as required by NYLL § 195(3), Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Collective Action Plaintiffs pray for the following relief:

i.      An order restraining Defendants from any retaliation against Plaintiff and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Fair Labor Standards Act, and its supporting regulations, and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulations;

iii.    Designation of this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv.       Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

v.       Unpaid wages, including but not limited to unpaid overtime compensation, and an additional and equal amount as liquidated damages, pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

vi.       Damages pursuant to NYLL § 191;

vii.       Damages pursuant to NYLL § 195(1), (3);

viii.       Pre- and post-judgment interest as permitted by law;

ix.       All attorneys' fees incurred in prosecuting these claims;

x.       All costs incurred in prosecuting these claims; and

xi.       Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
      August 16, 2021

                             LAW OFFICE OF PETER A. ROMERO PLLC
                             *Attorneys for Plaintiff*
                             490 Wheeler Road, Suite 250
                             Hauppauge, New York 11788
                             Tel.: (631) 257-5588

By:      _____
                             DAVID D. BARNHORN, ESQ.
                             PETER A. ROMERO, ESQ.