Peter A. Romero
promero@romerolawny.com

L A W   O F F I C E   O F

# PETER A. ROMERO

David D. Barnhorn
dbarnhorn@romerolawny.com

November 4, 2022

**VIA ECF**
Hon. John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*[handwritten:] The Court approves the Settlement, including the provision of attorney's fees and costs, as fair, reasonable and adequate. This action is dismissed with prejudice in accordance with*

Re:    *Candelario Cordero v. Elezaj & Sons Realty Associates, LLC, et al.*
         Docket No.: 21-cv-06899 (JGK)

*[handwritten:] the Settlement Agreement and Release. The Clerk shall issue a Judgment dismissing the case and closing the case. So ordered. [signature] U.S.D.J. 11/6/22*

Dear Judge Koeltl:

This firm represents Plaintiff Candelario Cordero in the above-referenced matter brought against Defendants Elezaj & Sons Realty Associates, LLC, Marash Elezaj, and Kola Elezaj (collectively as "Defendants"). In his Complaint, Plaintiff asserts claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), for failure to issue timely payment of wages pursuant to NYLL § 191, failure to furnish a wage notice upon his hire under NYLL § 195(1), and failure to provide accurate wage statements for each pay period under NYLL § 195(3). D.E. 1. The parties have reached a resolution of this action. Accordingly, Plaintiff now submits this motion for approval, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), to respectfully request that the Court approve the terms of the parties' settlement agreement with respect to Plaintiff's FLSA claims.[1] The parties' proposed Settlement Agreement and Release (the "Agreement") is attached as Exhibit A.

## Procedural History

On August 21, 2021, Plaintiff filed his Complaint against Defendants. D.E. 1. On November 12, 2021, Defendants filed their Answer to Complaint. D.E. 11. Thereafter, the parties engaged in relevant discovery. On July 21, 2022, the parties engaged in private mediation with Chaim Book, Esq., which was successful. The parties thereafter negotiated and executed their formal Agreement.

The settlement agreement between the Plaintiff and the Defendants provides for payment of a gross sum of $80,000.00, inclusive of attorneys' fees and costs. Pursuant to the Agreement, Plaintiff will receive a total of $50,311.60 and Plaintiff's counsel will receive a

---

[1] The parties do not seek the Court's approval with respect to the settlement of Plaintiff's non-FLSA claims as there is no requirement for the Court to do so. However, although non-FLSA claims do not require the Court's approval, the parties' settlement agreement, attached as Exhibit A, includes the resolution of all of Plaintiff's claims asserted in this lawsuit.

total sum of $29,688.40, consisting of $25,155.80 for attorneys' fees (i.e. 1/3 of the net settlement amount after deducting costs from the gross settlement amount) and $4,532.60 for litigation costs.

### The Court Should Approve the Settlement Agreement as Fair and Reasonable

FLSA claims may be dismissed with prejudice under Fed. R. Civ. P. 41 if they are approved by the Court. Cheeks, 796 F.3d at 206-207. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Hernandez v. Merrill Lynch & Co., 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." Id. (citation omitted); Xiao v. Grand Sichuan Int'l St. Marks, Inc., 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted) ("[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." Id.

In evaluating a proposed settlement of FLSA claims, courts in this Circuit typically apply the five-factor test articulated in Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Wolinsky factors require consideration of the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arms'-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. Id.

In this case, Plaintiff contends that he worked as a non-exempt superintendent and laborer for Defendants from in or about February 2017 until on or about January 5, 2021. Throughout his employment, Plaintiff alleges that he was responsible for performing various tasks, including but not limited to painting, installing and repairing flooring, electrical work, recycling and garbage removal, sweeping, emergency repairs, and other services as needed. Throughout his employment, Plaintiff alleges that he regularly worked more than forty hours during each workweek, commonly working six or seven days per week. For this work, Plaintiff asserts that Defendants paid him a fixed bi-weekly salary, regardless of his number of hours worked. As a result, despite frequently working in excess of forty hours in a workweek, Plaintiff alleges that Defendants failed to pay him at his statutorily-mandated overtime rate of pay of one and one-half times his regular rate of pay or the minimum wage, whichever is greater, under the FLSA.

Critically, the parties have numerous key disputes that impact liability and damages. Among these disputes, Defendants contest the number of hours worked by Plaintiff each week, asserting that Plaintiff worked fewer hours each week than alleged, including that Plaintiff worked forty or fewer hours per workweek. The resolution of this dispute substantially impacts the assessment of Plaintiff's alleged damages and could potentially defeat his FLSA claim entirely. Defendants also contend that the individual Defendants were not Plaintiff's employer under the FLSA. Further, Defendants contend that Plaintiff is not entitled to liquidated damages, whereas Plaintiff asserts that liquidated damages should be

awarded because Defendants cannot establish that the alleged violations, if proven, were part of good faith efforts to comply with the FLSA.

Additionally, while only collaterally related to his FLSA claims, Defendants contend that Plaintiff was exempt under the residential janitor exemption of the NYLL as he was employed as a superintendent, which is an exemption that does not exist under the FLSA. However, this defense, if proven, could impact Plaintiff's recovery under the FLSA. Specifically, assuming this NYLL exemption does not apply, the NYLL provides for a greater minimum wage and overtime rate than the FLSA. The FLSA typically would adopt this greater rate of pay for purposes of assessing Plaintiff's FLSA overtime damages if the NYLL claim were successful. As a result, the determination regarding whether Plaintiff is exempt under the NYLL could impact the value of his damages under the FLSA. Additionally, if Defendants successfully established that Plaintiff was exempt under the NYLL, Plaintiff would be limited to recover damages only under the two or three year statutory period of the FLSA. This would again result in a more limited range of recovery with respect to Plaintiff's overall potential damages. Moreover, Plaintiff anticipates that Defendants would argue that Plaintiff is not entitled to liquidated damages on the basis that Defendants relied on the NYLL residential janitor exemption as a good faith basis not to pay overtime compensation. While Plaintiff vehemently disagrees with this argument, it could eliminate Plaintiff's entitlement to liquidated damages under the FLSA if the argument is credited by the trier of fact.

Plaintiff calculated his damages in order to assess his best possible recovery in this litigation. Making all reasonable assumptions in his favor, according to Plaintiff's calculations, Plaintiff's best potential recoveries under the FLSA at trial amount to $19,669.43 for unpaid FLSA wages and $19,669.43 for FLSA liquidated damages. By comparison, Defendants contend that Plaintiff is not owed <u>any</u> unpaid FLSA wages or any FLSA liquidated damages.

Settling at this stage allows the parties to avoid substantial costs and delays. Indeed, were a settlement not reached at this stage, the parties would have engaged in the remaining formal discovery, depositions of Plaintiff, Defendants, and likely several non-party witnesses. This settlement also avoids potential partial motions for summary judgment and a time consuming and risky trial, which could result in a months' or years' long delay to obtaining a potential recovery for the Plaintiff, even if he is successful, and avoids potentially facing future appeals. Notably, a trial in this lawsuit is particularly risky because it will likely turn largely upon the credibility of the parties. Plaintiff's recollection of his hours worked and any testimony offered by Defendants in an attempt to undermine his claims will necessarily require the trier of fact to assess the credibility of the respective parties and witnesses. Similarly, the determination regarding whether each individual Defendant constitutes an employer under the FLSA will require the trier of fact to weigh the credibility of the witnesses and weigh those results within the legal concepts governing employer status. As such, the outcome of this trial is difficult to predict. Moreover, while primarily a concern under the NYLL, Plaintiff faces a significant risk at trial that he is exempt under the NYLL, which, as discussed above, could then reduce the valuation of his damages under the FLSA. As a result, all parties face a serious risk of losing at trial. Even if Plaintiff were successful on his FLSA overtime wage claims, but Defendants could prove that they made a good faith effort to comply with the FLSA, Plaintiff would not be entitled to liquidated damages under the FLSA, reducing Plaintiff's available FLSA damages to $19,669.43. If Defendants could establish

that the alleged violations were not willful, Plaintiff's FLSA claims would be subject to a two-year statute of limitations, which would further reduce his unpaid FLSA damages to $11,702.14. Moreover, as noted, in light of Defendants' defenses, there is a risk that Plaintiff could ultimately receive nothing at all under the FLSA. Thus, by settling at this stage, Plaintiff ensures that he will receive a recovery in this matter. Indeed, under the terms of the settlement, Plaintiff will receive all of his alleged unpaid FLSA wages and all of his claimed FLSA liquidated damages, even after deducting for attorneys' fees and litigation costs.

Accordingly, although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, at least under the NYLL, there is also the significant possibility that he could receive lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Thus, assuming this settlement is approved, Plaintiff will be able to recover the settlement funds more expeditiously, and with more certainty, than a trial judgment.

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Agreement is limited to wage-related claims. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to the instant action. Likewise, the agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions...in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181). Moreover, the Agreement does not contain a non-disclosure or non-disparagement provision.

Additionally, the reasonableness of this settlement is also assured by the involvement of a mediator. Indeed, the presence of a mediator "provides assurance that the settlement was not the product of collusion." Bilbao v. LCS Enters. Inc., 2018 WL 1399199, at *2 (S.D.N.Y. Mar. 19, 2018); see also Hernandez v. Anjost Corp., 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("The assistance of an experienced mediator . . . reinforces that the Settlement Agreement is non-collusive."); Morris v. Affinity Health Plan, Inc., 859 F. Supp. 2d 611, 618-619 (S.D.N.Y. 2012) (citing In re Giant Interactive Grp., Inc. Sec. Litig., 279 F.R.D. 151, 159-160 (S.D.N.Y. 2011)) (explaining parties entitled to a presumption of fairness where mediator facilitated arms-length settlement). Here, the parties engaged in contentious negotiations requiring the assistance of a mediator to resolve. Accordingly, the settlement

achieved clearly reflects an arms'-length negotiation absent from fraud or collusion and is a reasonable compromise over the contested issues in this matter.

### The Court Should Approve the Requested Attorneys' Fees and Costs as Reasonable

In addition to assessing the reasonableness of the settlement award, most courts since Cheeks have found that courts "must also assess the reasonableness of any attorneys' fee award." Velasquez v. SAFI-G, Inc., 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing Wolinsky, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing Wolinsky, 900 F. Supp. 2d at 336). In this case, the portion of the settlement amount attributable to attorneys' fees is $25,155.80, or one-third of the net settlement amount after deducting for litigation costs.

Notably, while Courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, Fisher v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), Courts have traditionally held that approval of attorneys' fees of 1/3 of the settlement sum, plus costs, is reasonable and routinely approve such terms in settlement agreements. Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Oxley v. Excellent Home Care Servs., LLC, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), report and recommendation adopted, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) (citing Romero v. Westbury Jeep Chrysler Dodge, Inc., 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016)) (noting "courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable" in FLSA settlements and awarding plaintiff's counsel a fee of 1/3 of the net settlement after costs, plus an award of costs); Yong Yuan Wang v. Mandarin Glen Cove, Inc., 2019 WL 5695910, at *2-3 (E.D.N.Y. Sept. 30, 2019) (citing Romero, 2016 WL 1369389, at *2) (same); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery, plus costs). Courts have held that a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Thus, Plaintiff's counsel's requested fees of one-third of the net settlement sum after deducting for litigation costs is certainly reasonable.

Additionally, the reasonableness of the fee for which approval is requested here is further solidified by "[a]pplying the lodestar method as a cross check." Guaman v. Ajna-Bar NYC, 2013 WL 445896, at *1 (S.D.N.Y. Feb. 5, 2013) (citing Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)). In order to calculate the lodestar check, the Firm multiplied the attorney hours spent on the case by each individual's reasonable hourly rate. See Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007).

Here, the Law Office of Peter A. Romero PLLC is a boutique employment litigation law firm, located at 490 Wheeler Road, Suite 250, Hauppauge, New York 11788, with a substantial practice primarily representing plaintiffs in wage and hour matters, including individual, collective action and class action matters, and employment discrimination matters in both state and federal court.

By way of background on this firm's founder and managing principal, Peter A. Romero, Esq. graduated from St. John's University School of Law in 2003. He was admitted to practice in New York in November 2003, the United States District Court for the Southern District of New York in August 2004, and the United States District Court for the Eastern District of New York in October 2004. Mr. Romero previously worked for a prominent employment law litigation firm as an associate from July 2004 until January 2009 and as a partner from January 2009 until June 2015. Thereafter, beginning in June 2015 through the present, Mr. Romero has operated his own employment law litigation firm, the Law Office of Peter A. Romero PLLC, as its principal. That firm employs one senior associate, the undersigned, David D. Barnhorn, Esq., another associate, Matthew J. Farnworth, Esq., a paralegal, and an administrative assistant, as well as other support staff as needed. Throughout his legal career, beginning in July 2004 through the present, Mr. Romero has focused his practice almost entirely on employment law litigation, where a majority of his cases have been comprised of individual, collective action and class action wage and hour lawsuits in federal and New York courts. Indeed, Mr. Romero has been appointed as Class Counsel in numerous class action cases in federal and New York courts. Moreover, throughout his career, Mr. Romero has conducted numerous trials and arbitrations on behalf of his clients in employment law disputes, including wage and hour matters. Finally, while employed as a partner at another employment law litigation firm from January 2009 until June 2015, Mr. Romero was responsible not only for his own case load of employment law litigation matters, but also for supervising and revising and approving the work of four associates who each had their own case load of employment law litigation matters, including wage and hour matters. Mr. Romero is also an active member of the National Employment Lawyers Association, an entity that focuses on employee rights in the workplace and whose membership consists of lawyers that primarily, or exclusively, represent employees. Mr. Romero has also been recognized by The Best Lawyers in America for his high caliber of work in the practice area of employment law each year since 2013 and selected as a Super Lawyer in category of "Employment Litigation" for the years 2019, 2020 and 2021.

The undersigned, David D. Barnhorn, Esq., graduated *cum laude* from Hofstra University Maurice A. Deane School of Law in 2012. I was admitted to practice in New Jersey and the United States District Court for the District of New Jersey in November 2012, in New York State in 2013, and the United States District Courts for the Eastern and Southern Districts of New York in 2014. I have been employed as a senior associate for this Firm since

April 2018. Prior to joining this firm, I worked as an associate at two prominent employment law litigation firms from November 2012 until April 2018. Throughout my legal career, beginning in November 2012 through the present, I have focused my practice almost entirely on employment law litigation, where a majority of my cases have been comprised of individual, collective action and class action wage and hour lawsuits in New York and New Jersey state and federal courts. Additionally, the undersigned has been appointed as Class Counsel in multiple class action cases. Throughout my time as an associate, I have been responsible for actively handling cases in pre-litigation stages, arbitration, administrative agencies and in litigation in state and federal courts from their inception through trial and resolution. Moreover, during my career, I have conducted numerous trials and arbitrations on behalf of my clients in employment law disputes, including wage and hour matters. Finally, I have been selected as a Rising Star by Super Lawyers as an "Employment & Labor Attorney" for the years 2016, 2017, 2018, 2019, 2020, 2021, and 2022.

Here, if Plaintiff's counsel were seeking fees pursuant to the lodestar, Plaintiff would seek hourly rates of $400.00 per hour for Peter A. Romero, Esq., $300.00 per hour for the undersigned, David D. Barnhorn, Esq., and $100.00 per hour for the firm's paralegal, Angelica Villalba. "A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" Spain v. Kinder Stuff 2010 LLC, 2015 WL 5772190, at *8 (E.D.N.Y. Sept. 29, 2015) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)). "The reasonable hourly rates should be based on rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (internal quotation marks omitted)). Here, based on the customary rates charged in this district and the experience of the attorneys responsible for this matter, hourly rates of $400.00 per hour for Mr. Romero, $300.00 per hour for the undersigned and $100.00 per hour for the firm's paralegal, Ms. Villalba, are reasonable.[2] Nuno Carrera v. DT Hosp. Grp., 2021 WL 6298656, at *12 (S.D.N.Y. Nov. 1, 2021), report and recommendation adopted, 2021 WL 6298654 (S.D.N.Y. Dec. 7, 2021) (awarding hourly rates of $400.00 for Mr. Romero and $300.00 for the undersigned, Mr. Barnhorn, in FLSA and NYLL action); Rodriguez v. Kiara Foods Inc., Docket No.: 20-cv-07615 (VEC), D.E. 19 (S.D.N.Y. May 10, 2021) (approving FLSA settlement as fair and reasonable under Cheeks where this firm's lodestar cross-check analysis relied on hourly rates of $400.00 per hour for Peter A. Romero, Esq., $300.00 per hour for the undersigned, and $100.00 per hour for the firm's paralegal, Angelica Villalba); HRB Prof'l Res. LLC v. Bello, No. 17-CV-7443 (KMK), 2018 WL 4629124, at *8 (S.D.N.Y. Sept. 27, 2018) (collecting cases) (awarding a partner a rate of $440.00 per hour and citing approvingly of cases awarding partners and experienced litigators rates of $400.00 to $600.00 per hour and associates rates of $300.00 per hour); Pineda v. Frisolino, Inc., 2018 WL

---

[2] While this firm primarily represents clients on a contingency fee basis, we do represent some clients on an hourly basis. In those retainers, depending on each client's respective financial abilities, clients have agreed to compensate Mr. Barnhorn for representation at rates of $300.00 to $500.00 per hour and have agreed to compensate Mr. Romero for representation at rates of $300.00 to $500.00 per hour. Indeed, this firm currently has one active, hourly-paid retainer for a matter in the SDNY. The clients in that retainer that are compensating Mr. Barnhorn and Mr. Romero at an hourly rate of $500.00 per hour for a litigation involving FLSA and NYLL claims. Accordingly, the firm's requested rates are well within the normal rates awarded in contingency fee matters and the rates actually received by paying clients.

3628898, at *2 (S.D.N.Y. July 30, 2018) (approving rates for partner and senior associate at $400.00 per hour and other associates at $300.00 per hour in FLSA and NYLL litigation); Sara Designs, Inc. v. A Classic Time Watch Co. Inc., 2018 WL 2976009, at *4 (S.D.N.Y. June 13, 2018) (approving rate of $450.00 per hour for partner, $325 for senior associate, and $275 per hour for junior associate); Polit v. Glob. Foods Int'l Corp., 2017 WL 1373907, at *8 (S.D.N.Y. Apr. 13, 2017) (awarding $300.00 to associate with four years of experience who acted as lead counsel in FLSA case); Torres v. Gristede's Operating Corp., 2012 WL 3878144, at *3 (S.D.N.Y. Aug. 6, 2012), aff'd, 519 F. Appx. 1 (2d Cir. 2013) (citing Clover v. Shiva Realty of Mulberry, Inc., 2011 WL 1832581, at *1 (S.D.N.Y. May 13, 2011)) (noting, ten years ago, in FLSA and NYLL matter that "[c]onsistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time."); Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 WL 4159391, at *8 (S.D.N.Y. Sept. 30, 2010) (citing LV v. New York City Dept. of Educ., 700 F. Supp. 2d 510, 518-525 (S.D.N.Y 2010)) (noting, twelve years ago, in FLSA and NYLL matter that "[t]he rates sought by plaintiffs' counsel ($400 for partners, $350 for litigation counsel, $300 for associates with three to seven years of experience, and $200 for associates with one to two years of experience) are consistent with (or lower than) the rates used in other cases involving attorney fee awards..."); Saunders v. City of New York, 2009 WL 4729948, at *8 (S.D.N.Y. Dec. 9, 2009) (approving rate, more than twelve years ago, of $425.00 per hour for partner, $300 for senior associate, and $250 per hour for junior associate with approximately four years of experience in FLSA matters); New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., 657 F. Supp. 2d 410, 424 (S.D.N.Y. 2009) (approving rate of $425.00 per hour for partners and $300.00 per hour for associates in ERISA matter); New York City Dist. Council of Carpenters Pension Fund v. Quantum Const., 2008 WL 5159777, at *13 (S.D.N.Y. Dec. 9, 2008) (approving rate of $425.00 per hour for partners and $300.00 per hour for associates in ERISA matter); see also Baizan Guerrero v. 79th St. Gourmet & Deli Inc., 2019 WL 4889591, at *12 (E.D.N.Y. Sept. 10, 2019), report and recommendation adopted, 2019 WL 4887914 (E.D.N.Y. Oct. 3, 2019) (awarding hourly rate for paralegal at $100.00 in FLSA action); Quito v. El Pedragal Rest., Corp., 2017 WL 2303979, at *2 (E.D.N.Y. May 26, 2017) (awarding hourly rate for paralegal at $100.00 in FLSA action); Lopez v. PMMT Inc., 2016 WL 7633264, at *16 (E.D.N.Y. Aug. 25, 2016), report and recommendation adopted, 2017 WL 27943 (E.D.N.Y. Jan. 3, 2017) (awarding hourly rate for paralegal at $100.00 in FLSA action); Gesauldi v. Dan Yant Inc., 6 F. Supp. 3d 264, 274 (E.D.N.Y. 2014) (collecting cases) (awarding hourly rate for paralegal at $100.00 and noting "[v]arious courts in this district have approved this rate for paralegal services."); Apolinar v. Glob. Deli & Grorcery, Inc., 2013 WL 5408122, at *16 (E.D.N.Y. Sept. 25, 2013) (awarding hourly rate for paralegal at $100.00 in FLSA action).

Here, Plaintiff's counsel investigated the Plaintiff's claims, conducted a detailed inquiry regarding Plaintiff's job duties, hours worked and compensation received, and Defendant's compensation policies, engaged in relevant discovery, created an assessment of Plaintiff's damages, engaged in a mediation, and subsequently negotiated the parties' formal settlement agreement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation and facing substantial risk given the challenge that Plaintiff must overcome the NYLL's residential janitor exemption. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable

result on the Plaintiff's behalf. The settlement will be made available to the Plaintiff without the uncertainty and delay of trial.

As a result, the Firm expended a total of 37.26 billable hours on this matter, as evidenced by counsel's contemporaneous billing records, which are annexed hereto as Exhibit B. Thus, Plaintiff's attorneys' fees in this matter, when calculated pursuant to the lodestar, amount to $9,631.00. Here, although Plaintiff's lodestar is less than the amount of fees requested under the standard contingency fee method, Plaintiff's counsel's requested fees are well within the range approved by courts when applying a moderate lodestar multiplier.

Where, as here, the lodestar is less than the contingency fee requested, after reviewing the lodestar the Court generally also applies a multiplier to take into account the contingent nature of the fee, the risks of non-payment, the quality of representation, and the results achieved. See In re Platinum & Palladium Commodities Litig., 2015 WL 4560206 (S.D.N.Y. July 7, 2015). Courts have awarded multipliers up to eight (8) times the lodestar and in some cases they have awarded multipliers that are even higher. See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 481-482 (S.D.N.Y. 2013) (collecting cases); Zeltser v. Merrill Lynch & Co., 2014 WL 4816134, at *9 (S.D.N.Y. Sept. 23, 2014) (collecting cases); see also Riveras v. Bilboa Rest. Corp., Docket No. 17-cv-04430 (S.D.N.Y. Dec. 14, 2018) (See DE 74) (Memorandum and Order approving a lodestar multiplier of 6.7). Plaintiff's counsel's representation in this matter is subject to a contingency retainer, creating an inherent risk that this firm could receive no compensation for its efforts in this action if the lawsuit were not successful or if Plaintiff were unable to collect a judgment. Given the challenge that Plaintiff must overcome the NYLL's residential janitor exemption, as well as the unpredictable nature of convincing a trier of fact of Plaintiff's hours worked with the absence of any documentary records to support his recollection, Plaintiff's risk of not obtaining any recovery was serious and exceeds the risks associated with a typical settlement. Plaintiff also faces the unavoidable risk of non-payment by Defendants in this settlement given their modest assets. Moreover, Plaintiff's counsel provided quality representation by zealously pursuing Plaintiff's litigation objectives and obtaining a favorable settlement that obtains Plaintiff all of his alleged unpaid FLSA wages and all of his claimed FLSA liquidated damages, even after deducting for attorneys' fees and litigation costs. Here, the multiplier requested is approximately 2.6, which is well within the range granted by courts in this circuit.

While the multiplier represents a greater recovery than Plaintiff's counsel's lodestar, this should not result in penalizing counsel for achieving an early settlement. See Zeltser, 2014 WL 4816134, at *10 (citing Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005)) ("[T]he lodestar create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their hours, and compel[s] district courts to engage in a gimlet-eyed review of line-item fee audits.")); Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 n.5 (9th Cir. 2002) (noting that "the lodestar method does not reward early settlement" and that "counsel should [not] necessarily receive a lesser fee for settling a case quickly"); Beckman, 293 F.R.D. at 482 (noting applying multiplier is proper as achieving an early settlement "should not result in penalizing plaintiffs' counsel"); see also Fisher v. SD Prot. Inc., 948 F.3d 593, 603 (2d Cir. 2020) (quoting Sand v. Greenberg, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)) ("Fee awards in wage and hour cases should 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small

to justify the retention of able, legal counsel.'"); Zeltser, 2014 WL 4816134, at *8 (quoting Sand, 2010 WL 69359, at *3; and citing Reyes v. Altamarea Grp., LLC, 2011 WL 4599822, at *1 (S.D.N.Y. Aug. 16, 2011)) ("Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" and "The FLSA and state wage and hour statutes are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights."). While the Court should be careful not to penalize a litigant's counsel in any matter for reaching an early settlement, this is especially prudent where, as here, the parties have reached a reasonable resolution that is favorable to the Plaintiff and that was achieved through mediation.

Additionally, the Court should review the public policy considerations concerning the manner in which attorneys' fees are assessed. Since a reasonable value of the case had already been obtained in a settlement, the only purpose of continuing this litigation would have been to build up attorneys' fees. This would forestall a resolution that could have been achieved earlier. While the undersigned would never continue with a case to build up fees beyond the point where a reasonable settlement is reached, other attorneys who do wage-and-hour litigation very well might. Reducing attorneys' fees in single plaintiff FLSA cases below one third would disincentivize early resolution of these cases. As FLSA cases have become a significant portion of the federal docket, the efficient and early resolution of these cases is in the best interests of public policy. Thus, the amount of attorneys' fees sought – $25,155.80 – is a reasonable fee in this action.

Lastly, Plaintiff's counsel seeks reimbursement for $4,532.60 in advanced litigation costs, representing $402.00 for the filing fee for the Complaint, $380.60 for service of process for the Summons and Complaint, and $3,750.00. A copy of the applicable invoices for service of process are attached as Exhibit C.

Accordingly, Plaintiff's counsels' requests for attorneys' fees in the amount of $25,155.80 and expenses in the amount of $4,532.60 should be approved as reasonable.

In light of the foregoing, Plaintiff respectfully requests that the Court approve the parties' settlement and dismiss this matter with prejudice, while maintaining jurisdiction to enforce the terms of the settlement.

We thank the Court for its consideration of these requests.

Respectfully submitted,

_David Barnhorn_

_____
DAVID D. BARNHORN, ESQ.

C:      All Counsel of Record *via* ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CANDELARIO CORDERO, on behalf of
himself, individually, and all other persons
similarly situated,

                                       Docket No.: 21-cv-06899 (JGK)

                Plaintiff,

     -against-

ELEZAJ & SONS REALTY ASSOCIATES, LLC,
MARASH ELEZAJ and KOLA ELEZAJ,

                Defendants.
-------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

     This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff Candelario Cordero ("Plaintiff") on the one hand, and Elezaj & Sons Realty Associates, LLC, Marash Elezaj and Kola Elezaj (collectively as "Defendants" or "Company"), on the other hand.

     **WHEREAS**, a dispute has arisen regarding Plaintiff's employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, styled as *Candelario Cordero, on behalf of himself, individually, and all other persons similarly situated v. Elezaj & Sons Realty Associates, LLC, Marash Elezaj and Kola Elezaj*, S.D.N.Y. Docket No. 21-cv-06899 (JGK), alleging, among other things, violations of federal and state wage and hour laws pertaining to overtime, frequency of pay, and state record-keeping requirements; and

     **WHEREAS**, the parties desire to fully and finally resolve all disputes between them without the necessity of further litigation;

     **NOW, THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:**

1.   **Consideration:**

     In consideration of the covenants and promises herein contained and other good and valuable consideration, including the release of all wage and hour claims against the Company as set forth in Paragraph 4 below, it is hereby agreed that the Defendants will provide Plaintiff with a settlement payment of $80,000.00 as follows:

          a.     Defendants shall issue one check to Candelario Cordero in the amount of Twenty-Five Thousand One Hundred Fifty-Five Dollars and Eighty Cents ($25,155.80), from which taxes or deductions will be withheld, for which

1

the Company shall issue Plaintiff an IRS Form W-2 with respect such payments.

b.    Defendants shall issue one check to Candelario Cordero in the amount of Twenty-Five Thousand One Hundred Fifty-Five Dollars and Eighty Cents ($25,155.80), which shall not be subject to any taxes or deductions, for which the Company shall issue Plaintiff an IRS Form 1099 with respect such payments.

c.    Defendants shall issue one check to the Law Office of Peter A. Romero PLLC in the amount of Twenty-Nine Thousand Six Hundred Eighty-Eight Dollars and Forty Cents ($29,688.40), consisting of $25,155.80 for attorneys' fees and $4,532.60 for litigation expenses. Defendants shall issue Plaintiff and the Law Office of Peter A. Romero PLLC an IRS Form 1099 with respect to such payments.

d.    Defendants shall issue all payments for the full settlement amount within 14 days of the Court's approval of this agreement.

e.    All checks shall be made payable to "Candelario Cordero" and the "Law Office of Peter A. Romero PLLC", respectively, and shall be delivered to the Law Office of Peter A. Romero, PLLC, 490 Wheeler Road, Suite 250, Hauppauge, New York 11788.

f.    Plaintiff agrees that he is solely responsible for any applicable taxes, penalties, interest, or other amounts due in connection with the payment in section 1(b), and shall indemnify the Company and hold it harmless for any taxes, penalties, or interest that it becomes required to pay on his behalf related to this payment.

2.    **Settlement of All Wage-Related Claims:** Upon execution of this Agreement, all claims and/or potential claims by Plaintiff against Defendants for wages for time alleged worked but not paid under any federal, state or local law, liquidated damages, and related attorneys' fees and expenses shall be deemed settled, satisfied and resolved.

3.    **Settlement Approval:** The Parties shall work together to file a motion seeking the Court's approval of this Agreement.

4.    **Release and Covenant Not To Sue:** In consideration for the foregoing, the Plaintiff, on behalf of himself and his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably waive, release and forever discharge the Defendants, and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under

2

the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, as amended, and related regulations, and the New York Labor Law and related regulations promulgated by the New York State Commissioner of Labor, for alleged unpaid wages, unpaid overtime compensation, frequency of pay violations, failure to provide required wage statements, failure to provide a wage notice at his time of hire, liquidated damages, interest related to these wages, costs, penalties and attorneys' fees in connection with these claims, from the beginning of Plaintiff's employment with Defendants to the date of Plaintiff's execution of this Agreement, except for any claims arising out of this Agreement.

5.  **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6.  **Employment References:** Any request for a reference with respect to Plaintiff will be referred to Nick Palushaj. The Company will limit any response to confirming Plaintiff's title and dates of employment, and shall further state that in accordance with Defendants' policy, no further information can be provided beyond this neutral reference.

7.  **Acknowledgments:**

    a.  Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

    b.  Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement.

8.  **Governing Law and Interpretation:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, except for the release provision, and then the remainder of this Agreement will remain in full force and effect. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, Counties of New York, Bronx or Westchester, in any subsequent proceeding to enforce this Agreement. Subject to the Court's approval, the presiding Court shall retain jurisdiction to enforce the Agreement.

9.  **Breach:** In any action or proceeding to enforce this agreement in the event of a breach by any party of any provision, the prevailing party in any such action shall be entitled to costs and disbursements and reasonable attorneys' fees related to such an action. As such, the prevailing party shall be permitted to make an application to the court for costs and disbursements and reasonable attorneys' fees, which shall be awarded in amounts deemed appropriate by the court. The prevailing party in such a dispute shall also be entitled to recover their reasonable attorneys' fees, costs, and disbursements related to preparing and filing their application for attorneys' fees and costs.

10.    **Interpretation:** This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole, or because any language is deemed ambiguous.

11.    **Sole and Entire Agreement:**  This Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings whether oral or written which may have existed between the parties.   There are no representations, warranties, understandings or agreements other than those expressly set forth in this Agreement.

12.    **Modifications:**  This Agreement may not be modified, altered or changed except by a writing signed by all parties, or as described in Paragraph above.

13.    **Counterparts:**  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.   This agreement may also be executed by facsimile transmission.

14.    **Translation:** It is further understood and agreed between the Parties that counsel for Plaintiff translated this Agreement to Plaintiff in his native language of Spanish and Plaintiff state that he has been fully advised by, and sought all advice necessary from, their counsel to understand and assent to the terms and conditions of this Agreement.

**Traducción:**  Las Partes entienden y acuerdan que el abogado del Demandante tradujo este Acuerdo al Demandante en su idioma nativo de español y el Demandante declara que ha recibido un aconsejado completo de su abogado y que ha consultado a su abogado para que comprenda y acepte los términos y condiciones del Acuerdo.

**THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated:         October 26, 2022

_____
Candelario Cordero

4

Dated: 28 ~~September~~ October  , 2022

Elezaj & Sons Realty Associates, LLC

By: Marash Elezaj

Title: Managing Member

Dated: 28 ~~September~~ October  , 2022

Marash Elezaj

Dated: 28 ~~September~~ October  , 2022

Kola Elezaj

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 11/04/2022 | | Draft and revise motion for FLSA settlement approval and related file review, and prepare exhibits for motion for filing ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.70h | $300.00 | - | $210.00 |
| 11/04/2022 | | Email correspondence with opposing counsel regarding settlement agreement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/31/2022 | | Receive and review ECF bounce regarding set/reset deadlines order ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/31/2022 | | Receive and review ECF bounce regarding order granting request for extension ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/28/2022 | | Receive and review ECF bounce regarding request for extension of time to submit motion for approval ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/28/2022 | | Draft and revise request for extension of time to submit motion for approval ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 10/28/2022 | | Draft and revise motion for FLSA settlement approval and related file review ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 1.10h | $300.00 | - | $330.00 |
| | | | | | 37.26h | | $0.00 0.00h | $9,631.00 37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 10/28/2022 | | Email correspondence with opposing counsel regarding settlement agreement and motion for approval<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 10/27/2022 | | Draft and revise motion for FLSA settlement approval and related file review<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.90h | $300.00 | - | $270.00 |
| 10/27/2022 | | Email correspondence with opposing counsel regarding settlement agreement<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $350.00 | - | $35.00 |
| 10/26/2022 | | Copied on email correspondence between staff and DDB regarding regarding settlement agreement signed by Plaintiff<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $10.00 |
| 10/26/2022 | | Email correspondence with staff, copying paralegal, regarding regarding settlement agreement signed by Plaintiff<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/25/2022 | | Email correspondence with staff and DDB regarding contacting client regarding settlement agreement<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $10.00 |
| 10/25/2022 | | Review and revise settlement | Cordero | David | 0.10h | $300.00 | - | $30.00 |
| | | | | | **37.26h** | | **$0.00**<br>0.00h | **$9,631.00**<br>37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | agreement ● Unbilled | Elezaj & Sons (Super): W&H and NYLL 191 | Barnhorn | | | | $30.00 |
| 10/25/2022 | ⟳ | Email correspondence with paralegal and staff regarding contacting client regarding settlement agreement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/25/2022 | ⟳ | Email correspondence with opposing counsel regarding settlement agreement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/24/2022 | ⟳ | Review and revise settlement agreement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.30h | $300.00 | - | $90.00 |
| 10/24/2022 | ⟳ | Email correspondence with opposing counsel regarding settlement agreement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 10/20/2022 | ⟳ | Email correspondence with opposing counsel regarding settlement agreement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/13/2022 | ⟳ | Receive and review ECF bounce regarding set/reset deadlines order ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/13/2022 | ⟳ | Receive and review ECF bounce regarding order granting request for extension of time for motion for | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | **37.26h** | | **$0.00** | **$9,631.00** |
| | | | | | | | 0.00h | 37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | approval<br>● Unbilled | | | | | | |
| 10/13/2022 | 🕐 | Receive and review ECF bounce regarding request for extension of time for motion for approval<br>● Unbilled | Cordero<br>Elezaj & Sons (Super):<br>W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/13/2022 | 🕐 | Draft and revise request for extension of time for motion for approval<br>● Unbilled | Cordero<br>Elezaj & Sons (Super):<br>W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 10/10/2022 | 🕐 | Telephone call with opposing counsel regarding settlement agreement<br>● Unbilled | Cordero<br>Elezaj & Sons (Super):<br>W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 10/10/2022 | 🕐 | Email correspondence with opposing counsel regarding settlement agreement and scheduling call<br>● Unbilled | Cordero<br>Elezaj & Sons (Super):<br>W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/07/2022 | 🕐 | Email correspondence with opposing counsel regarding settlement agreement<br>● Unbilled | Cordero<br>Elezaj & Sons (Super):<br>W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/03/2022 | 🕐 | Email correspondence with PAR regarding case status<br>● Unbilled | Cordero<br>Elezaj & Sons (Super):<br>W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/03/2022 | 🕐 | Email correspondence with DDB regarding case status | Cordero<br>Elezaj & Sons (Super): | Peter Romero | 0.10h | $400.00 | - | $40.00 |
| | | | | | 37.26h | | $0.00<br>0.00h | $9,631.00<br>37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | ● Unbilled | W&H and NYLL 191 | | | | | |
| 09/23/2022 | ⊙ | Email correspondence with staff, DDB and PAR regarding client message and case status ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $10.00 |
| 09/23/2022 | ⊙ | Email correspondence with staff, paralegal and DDB regarding client message and case status ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Peter Romero | 0.10h | $400.00 | - | $40.00 |
| 09/23/2022 | ⊙ | Email correspondence with staff, paralegal and PAR regarding client message and case status ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 09/22/2022 | ⊙ | Receive and review ECF bounce regarding scheduling order ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 09/22/2022 | ⊙ | Email correspondence with opposing counsel regarding settlement agreement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | | $30.00 |
| 09/22/2022 | ⊙ | Draft settlement agreement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 1.50h | $300.00 | - | $450.00 |
| 09/21/2022 | ⊙ | Receive and review ECF bounce regarding status report ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 09/21/2022 | ⊙ | Email correspondence with | Cordero | David | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00 0.00h | $9,631.00 37.26h |

5/19

# Activities Export

11/04/2022
10:39 PM

| Date | ▼ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|---|
| | | | opposing counsel regarding status report and settlement agreement<br>● Unbilled | Elezaj & Sons (Super): W&H and NYLL 191 | Barnhorn | | | | $60.00 |
| 09/21/2022 | | 🕐 | Draft and revise status report<br>● Unbilled | Cordero<br>Elezaj & Sons (Super): W&H and NYLL 191 | David<br>Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 09/14/2022 | | 🕐 | Receive and review ECF bounce regarding status report order<br>● Unbilled | Cordero<br>Elezaj & Sons (Super): W&H and NYLL 191 | David<br>Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/22/2022 | | 🕐 | Email correspondence with opposing counsel regarding settlement agreement<br>● Unbilled | Cordero<br>Elezaj & Sons (Super): W&H and NYLL 191 | David<br>Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 07/21/2022 | | 🕐 | Participate in mediation as translator with client and DDB<br>● Unbilled | Cordero<br>Elezaj & Sons (Super): W&H and NYLL 191 | Angelica<br>Villalba | 3.80h | $100.00 | - | $380.00 |
| 07/21/2022 | | 🕐 | Participate in mediation with client and paralegal as translator<br>● Unbilled | Cordero<br>Elezaj & Sons (Super): W&H and NYLL 191 | David<br>Barnhorn | 3.80h | $300.00 | - | $1,140.00 |
| 07/21/2022 | | 🕐 | Email correspondence with mediator and opposing counsel regarding terms of settlement<br>● Unbilled | Cordero<br>Elezaj & Sons (Super): W&H and NYLL 191 | David<br>Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 07/19/2022 | | 🕐 | Email correspondence with opposing counsel regarding settlement<br>● Unbilled | Cordero<br>Elezaj & Sons (Super): W&H and NYLL 191 | David<br>Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | | 37.26h | | $0.00<br>0.00h | $9,631.00<br>37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 07/18/2022 | | Email correspondence with staff and DDB regarding Zoom link for mediation ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $10.00 |
| 07/18/2022 | | Email correspondence with staff and paralegal regarding Zoom link for mediation ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 07/15/2022 | | Email correspondence with mediator regarding mediation statement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 07/15/2022 | | Draft and revise damages assessment ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 1.40h | $300.00 | - | $420.00 |
| 07/15/2022 | | Draft and revise mediation statement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 1.50h | $300.00 | - | $450.00 |
| 06/02/2022 | | Pre-mediation telephone call with mediator and opposing counsel ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 05/18/2022 | | Email correspondence with mediator and opposing counsel regarding mediation agreement ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 05/17/2022 | | Email correspondence with mediator and opposing counsel regarding mediation agreement | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00 0.00h | $9,631.00 37.26h |

7/19

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | ● Unbilled | | | | | | |
| 05/10/2022 | | Receive and review ECF bounce regarding order granting stay of matter pending litigation <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 05/10/2022 | | Receive and review ECF bounce regarding letter to Court regarding mediation <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 05/09/2022 | | Draft and revise letter to Court regarding mediation <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 05/09/2022 | | Email correspondence with opposing counsel and mediator regarding mediation agreement <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 05/04/2022 | | Email correspondence with opposing counsel and mediator regarding scheduling mediation <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 05/03/2022 | | Email correspondence with mediator and opposing counsel regarding scheduling mediation <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 04/28/2022 | | Receive and review ECF bounce regarding request for stay of discovery and mediation <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00 <br> 0.00h | $9,631.00 <br> 37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 04/28/2022 | 🕐 | Draft and revise request for stay of discovery and mediation<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.30h | $300.00 | - | $90.00 |
| 04/28/2022 | 🕐 | Email correspondence with opposing counsel regarding request for stay of discovery and mediation<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 04/26/2022 | 🕐 | Email correspondence with DDB regarding discovery<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $10.00 |
| 04/26/2022 | 🕐 | Telephone Call Client: Call with Client and Prepared Interrogatory responses<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 1.42h | $100.00 | - | $142.00 |
| 04/26/2022 | 🕐 | Email correspondence with paralegal regarding discovery<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 04/23/2022 | 🕐 | Email correspondence with opposing counsel regarding scheduling mediation<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 04/23/2022 | 🕐 | Telephone call with opposing counsel regarding settlement and discovery<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.40h | $300.00 | - | $120.00 |
| 04/23/2022 | 🕐 | Email correspondence with opposing counsel regarding | Cordero Elezaj & Sons (Super): | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | **37.26h** | | **$0.00**<br>0.00h | **$9,631.00**<br>37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | scheduling call<br>● Unbilled | W&H and NYLL 191 | | | | | $30.00 |
| 04/19/2022 | ◔ | Email correspondence with opposing counsel regarding scheduling call<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 04/18/2022 | ◔ | Email correspondence with opposing counsel regarding scheduling call<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 03/29/2022 | ◔ | Prepare: Format Discovery Responses- Documents<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 1.00h | $100.00 | - | $100.00 |
| 03/28/2022 | ◔ | Prepare: Format Discovery Responses<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.50h | $100.00 | - | $50.00 |
| 03/21/2022 | ◔ | Email correspondence with DDB regarding discovery requests<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $10.00 |
| 03/21/2022 | ◔ | Telephone Call Client: Call with Client RE DDB Questions<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.14h | $100.00 | - | $14.00 |
| 03/21/2022 | ◔ | Email correspondence with paralegal regarding discovery requests<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00<br>0.00h | $9,631.00<br>37.26h |

# Activities Export

Case 1:21-cv-06899-JGK    Document 31-2    Filed 11/04/22    Page 11 of 19

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 03/18/2022 | | Receive and review ECF bounce regarding notice of appearance ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 03/15/2022 | | Email correspondence with opposing counsel regarding discovery requests ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 03/14/2022 | | Email correspondence with DDB regarding contacting client for additional information ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $10.00 |
| 03/14/2022 | | Email correspondence with opposing counsel regarding consent to service by email ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 03/14/2022 | | Email correspondence with paralegal regarding contacting client for additional information ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 02/10/2022 | | Email correspondence with DDB regarding memo ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $10.00 |
| 02/10/2022 | | Email correspondence with paralegal regarding memo ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 02/09/2022 | | Email correspondence with DDB regarding information from client ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $10.00 |
| | | | | | 37.26h | | $0.00 | $9,631.00 |
| | | | | | | | 0.00h | 37.26h |

11/19

# Activities Export

Case 1:21-cv-06899-JGK   Document 31-2   Filed 11/04/22   Page 12 of 19

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 02/09/2022 | | Email correspondence with paralegal regarding information from client<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 02/09/2022 | | Receive and review ECF bounce regarding order regarding consent to change attorney<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 02/08/2022 | | Receive and review ECF bounce regarding notice of substitution of attorney<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 02/08/2022 | | Email correspondence with opposing counsel regarding discovery and deadlines<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 02/07/2022 | | Email correspondence with Defendant's new counsel to schedule call<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 02/07/2022 | | Receive and review ECF bounce regarding notice of appearance<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 02/04/2022 | | Email correspondence with opposing counsel regarding extension of time to serve discovery requests<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00<br>0.00h | $9,631.00<br>37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 02/04/2022 | ⊙ | Email correspondence with staff regarding message from opposing counsel<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 02/04/2022 | ⊙ | Telephone call with opposing counsel regarding substitution of counsel and settlement<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 01/10/2022 | ⊙ | Receive and review ECF bounce regarding Rule 26(f) report<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 01/10/2022 | ⊙ | Draft and revise Rule 26(f) report<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.50h | $300.00 | - | $150.00 |
| 01/10/2022 | ⊙ | Telephone calls with opposing counsel regarding draft Rule 26(f) report<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 01/10/2022 | ⊙ | Email correspondence with opposing counsel regarding draft Rule 26(f) report<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 11/24/2021 | ⊙ | Receive and review ECF bounce regarding order granting request for adjournment of conference<br>● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 11/24/2021 | ⊙ | Email correspondence from chamber to Plaintiff's counsel and | Cordero Elezaj & Sons (Super): | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00<br>0.00h | $9,631.00<br>37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | opposing counsel granting adjournment of conference ● Unbilled | W&H and NYLL 191 | | | | | $30.00 |
| 11/24/2021 | ⟲ | Receive and review ECF bounce regarding request for adjournment of conference ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 11/24/2021 | ⟲ | Draft request for adjournment of conference ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.40h | $300.00 | - | $120.00 |
| 11/23/2021 | ⟲ | Email correspondence with opposing counsel regarding adjournment of conference ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 11/22/2021 | ⟲ | Email correspondence with opposing counsel regarding adjourning initial conference ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 11/15/2021 | ⟲ | Review Answer ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 11/13/2021 | ⟲ | Receive and review ECF bounce regarding scheduling order for Rule 26 report ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 11/12/2021 | ⟲ | Receive and review ECF bounce regarding Answer ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00
0.00h | $9,631.00
37.26h |

# Activities Export

Case 1:21-cv-06899-JGK   Document 31-2   Filed 11/04/22   Page 15 of 19

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 10/26/2021 | ⟳ | Receive and review ECF bounce regarding order entering stipulation granting extension of time for Answer ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/26/2021 | ⟳ | Receive and review ECF bounce regarding request for extension of time for Answer ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/25/2021 | ⟳ | Review and sign stipulation to extend Defendants' time to answer ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/25/2021 | ⟳ | Email correspondence with opposing counsel regarding stipulation to extend Defendants' time to answer ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/22/2021 | ⟳ | Telephone call with opposing counsel regarding extension of time for Answer ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/22/2021 | ⟳ | Receive and review ECF bounce regarding affidavit of service for Marash Elezaj ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/22/2021 | ⟳ | Receive and review ECF bounce regarding affidavit of service for Koja Elezaj ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00 0.00h | $9,631.00 37.26h |

15/19

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 10/22/2021 | | Receive and review ECF bounce regarding affidavit of service for corporation  ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/15/2021 | | Email correspondence with opposing counsel regarding contact information  ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/15/2021 | | Email correspondence regarding message from opposing counsel  ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/15/2021 | | Receive and review ECF bounce regarding notice of appearance  ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/15/2021 | | Telephone call with opposing counsel regarding case and potential extension of time to answer  ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 10/13/2021 | | Email correspondence with process server regarding affidavit of service for Complaint  ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/12/2021 | | Email correspondence with process server regarding affidavit of service for Complaint  ● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/11/2021 | | Email correspondence with | Cordero | David | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00 0.00h | $9,631.00 37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | process server regarding affidavit of service for Complaint <br> ● Unbilled | Elezaj & Sons (Super): W&H and NYLL 191 | Barnhorn | | | | $10.00 |
| 10/07/2021 | ☺ | Email correspondence with DDB regarding contacting client <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | Angelica Villalba | 0.10h | $100.00 | - | $30.00 |
| 10/07/2021 | ☺ | Email correspondence with staff regarding message from process server <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/07/2021 | ☺ | Email correspondence with process server regarding information regarding Defendant Marash Elezaj for service of Complaint <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/07/2021 | ☺ | Email correspondence with process server regarding affidavit of service for Koja Elezaj <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| 10/07/2021 | ☺ | Email correspondence with paralegal regarding contacting client <br> ● Unbilled | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 10/06/2021 | ☺ | Email correspondence with process server regarding information regarding Defendant Marash Elezaj for service of Complaint | Cordero Elezaj & Sons (Super): W&H and NYLL 191 | David Barnhorn | 0.30h | $300.00 | - | $90.00 |
| | | | | | 37.26h | | $0.00 <br> 0.00h | $9,631.00 <br> 37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | ● Unbilled | | | | | | |
| 09/27/2021 | ⟳ | Email correspondence with process server regarding service of complaint<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 09/15/2021 | ⟳ | Receive and review ECF bounce regarding initial conference order<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/17/2021 | ⟳ | Receive and review ECF bounce regarding Issuance of Summons<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/17/2021 | ⟳ | Receive and review ECF bounce regarding case assigned ECF<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/17/2021 | ⟳ | Receive and review ECF bounce regarding assignment of magistrate judge<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/17/2021 | ⟳ | Receive and review ECF bounce regarding assignment of district judge<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/17/2021 | ⟳ | Receive and review ECF bounce regarding statistical error<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/16/2021 | ⟳ | Open case on ECF and file Complaint, Civil Cover Sheet and | Cordero Elezaj & Sons (Super); | David Barnhorn | 0.20h | $300.00 | - | $60.00 |
| | | | | | 37.26h | | $0.00 | **$9,631.00** |
| | | | | | | | 0.00h | 37.26h |

# Activities Export

11/04/2022
10:39 PM

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | Request for Issuance of Summons<br>● Unbilled | W&H and NYLL 191 | | | | | $300.00 |
| 08/16/2021 | ◷ | Research regarding Defendants for Complaint<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 1.00h | $300.00 | - | $300.00 |
| 08/16/2021 | ◷ | Draft and revise Complaint<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 2.80h | $300.00 | - | $840.00 |
| 08/16/2021 | ◷ | Draft and revise Civil Cover Sheet and Request for Issuance of Summons<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.30h | $300.00 | - | $90.00 |
| 08/16/2021 | ◷ | Receive and review ECF bounce regarding Request for Civil Cover Sheet<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/16/2021 | ◷ | Receive and review ECF bounce regarding Request for Issuance of Summons<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/16/2021 | ◷ | Receive and review ECF bounce regarding Complaint<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| 08/16/2021 | ◷ | Receive and review ECF bounce regarding receipt for payment of filing fee<br>● Unbilled | Cordero Elezaj & Sons (Super); W&H and NYLL 191 | David Barnhorn | 0.10h | $300.00 | - | $30.00 |
| | | | | | 37.26h | | $0.00<br>0.00h | $9,631.00<br>37.26h |



345 Seventh Avenue
New York, NY 10001
Phone: (212) 221-7999
https://mb-llp.com

# INVOICE

Invoice # 2404
Date: 09/13/2022

Cordero V Elesaj & Sons Realty
David D. Barnhorn, Esq.
Law Office of Peter A Romero PLLC

Paul Bartels
Bell Law Group PLLC

## 03228-Cordero V Elesaj & Sons Realty

## Cordero v Elesaj & Sons Realty Associates, LLC Mediation

| Date | Attorney | Notes | Quantity | Total |
|------|----------|-------|----------|-------|
| 06/02/2022 | CBB | Conference with attorneys | 0.20 | $0.00 |
| 07/15/2022 | CBB | E-mails with attorneys | 0.30 | $0.00 |
| 07/20/2022 | CBB | Reviewed parties' submissions | 1.50 | $0.00 |
| 07/21/2022 | CBB | Attend mediation<br>Plaintiff's Portion - $1,875.00<br>Defendant's Portion - $1,875.00 | 1.00 | $3,750.00 |

| | |
|---|---|
| Quantity Subtotal | 3.0 |
| Quantity Total | 3.0 |
| Subtotal | $3,750.00 |
| Total | $3,750.00 |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|----------------|--------|------------|-------------------|-------------|

Invoice # 2404 - 09/13/2022

| 2404 | 10/13/2022 | $3,750.00 | $0.00 | $3,750.00 |
|------|------------|-----------|-------|-----------|

| | |
|---|---|
| **Outstanding Balance** | **$3,750.00** |
| **Amount in Trust** | **$0.00** |
| **Total Amount Outstanding** | **$3,750.00** |

Please make all amounts payable to: Moskowitz & Book, LLP

Please pay within 30 days.

# INTERCOUNTY JUDICIAL SERVICES

6851 JERICHO TURNPIKE, SUITE 180, SYOSSET, NY 11791          PHONE 516-248-8270   Fax 516-294-6225
TAX ID No.: 27-1372122

Job #  2123049
10/12/2021
Your File No.:

LAW OFFICE OF PETER A. ROMERO PLLC
David Barnhorn Esq.
825 VETERANS HIGHWAY, SUITE B
HAUPPAUGE, NY 11788

| | | |
|---|---|---|
| **Caption:** | *CANDELARIO CORDERO, on behalf of himself, individually, and all other persons* Plaintiff/Petitioner<br>*vs*<br>*ELEZAJ & SONS REALTY ASSOCIATES, LLC, MARASH ELEZAJ and KOLA* Defendant/Respondent | Date Received: 9/29/2021<br>Serve By Date: 10/8/2021<br>Docket or ID #: 1:21-CV-06899-JGK<br>County: Southern<br>Court: UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
| **Re:** | **ELEZAJ & SONS REALTY ASSOCIATES, LLC,** | |
| **Docs Served** | Summons in a Civil Action and Complaint          Date Served: 10/5/2021 | |
| | Place Served: | |

| Service Description | Qty | Fee | Amount |
|---|---|---|---|
| Fee - SOS | 1 | $40.00 | $40.00 |
| Exp - Copies For Service 2 sets of 14 | 28 | $0.15 | $4.20 |
| Service of Secretary of State | 1 | $50.00 | $50.00 |
| | | **Total Service Fees:** | $94.20 |
| | | **Total Amount Due =** | $94.20 |

**Remarks:**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAW OFFICE OF PETER A. ROMERO PLLC
David Barnhorn Esq.
825 VETERANS HIGHWAY, SUITE B
HAUPPAUGE, NY 11788

Job #         2123049
Client File#
Invoice Date:  October 12, 2021
Client ID      995573

Intercounty Judicial Services
6851 Jericho Turnpike, Suite 180
Syosset, NY 11791

**Total Amount Due =  $94.20**

**Amount Enclosed** _____

# INTERCOUNTY JUDICIAL SERVICES

6851 Jericho Turnpike, Suite 180, Syosset, NY 11791          Phone 516-248-8270   Fax 516-294-6225
Tax ID No.: 27-1372122

Job # 2123050
10/12/2021

Your File No.:

LAW OFFICE OF PETER A. ROMERO PLLC
David Barnhorn Esq.
825 VETERANS HIGHWAY, SUITE B
HAUPPAUGE, NY 11788

| | | |
|---|---|---|
| **Caption:** | *CANDELARIO CORDERO, on behalf of himself, individually, and all other persons* <br> Plaintiff/Petitioner <br> *vs* <br> *ELEZAJ & SONS REALTY ASSOCIATES, LLC, MARASH ELEZAJ and KOLA* <br> Defendant/Respondent | Date Received: 9/29/2021 <br> Serve By Date: 10/8/2021 <br> Docket or ID #: 1:21-CV-06899-JGK <br> County: Southern <br> Court: UNITED STATES DISTRICT COURT |
| **Re:** | **MARASH ELEZAJ** | SOUTHERN DISTRICT OF NEW YORK |
| **Docs Served** | Summons in a Civil Action and Complaint        Date Served: 9/30/2021 | |
| | Place Served: | |

| Service Description | Qty | Fee | Amount |
|---|---|---|---|
| Exp - Copies For Service 2 sets of 14 pg | 28 | $0.15 | $4.20 |
| Search - DMV | 1 | $40.00 | $40.00 |
| Search - Skip Tracing | 1 | $40.00 | $40.00 |
| Service Non  Serve - Attempt to Serve | 1 | $65.00 | $65.00 |
| | | **Total Service Fees:** | **$149.20** |
| | | **Total Amount Due =** | **$149.20** |

Remarks:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAW OFFICE OF PETER A. ROMERO PLLC
David Barnhorn Esq.
825 VETERANS HIGHWAY, SUITE B
HAUPPAUGE, NY 11788

| | |
|---|---|
| Job # | 2123050 |
| Client File# | |
| Invoice Date: | October 12, 2021 |
| Client ID | 995573 |

Intercounty Judicial Services
6851 Jericho Turnpike, Suite 180
Syosset, NY 11791

**Total Amount Due = $149.20**

**Amount Enclosed** _____

# INTERCOUNTY JUDICIAL SERVICES

6851 JERICHO TURNPIKE, SUITE 180, SYOSSET, NY 11791          PHONE 516-248-8270    Fax 516-294-6225
TAX ID No.: 27-1372122

Job # 2123865
10/19/2021
Your File No.:

LAW OFFICE OF PETER A. ROMERO PLLC
David Barnhorn Esq.
825 VETERANS HIGHWAY, SUITE B
HAUPPAUGE, NY 11788

| | | |
|---|---|---|
| **Caption:** | *CANDELARIO CORDERO, on behalf of himself, individually, and all other persons* <sub>Plaintiff/Petitioner</sub><br>*vs*<br>*ELEZAJ & SONS REALTY ASSOCIATES, LLC, MARASH ELEZAJ and KOLA* <sub>Defendant/Respondent</sub> | Date Received: 9/29/2021<br>Serve By Date: 10/18/2021<br>Docket or ID #: 1:21-CV-06899-JGK<br>County: Southern |
| **Re:** | **MARASH ELEZAJ** | Court: UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
| **Docs Served** | Summons in a Civil Action and Complaint          Date Served: 10/11/2021 | |
| | Place Served: 1119 GLEN RD, SHRUB OAK, NY 10588 | |

| Service Description | Qty | Fee | Amount |
|---|---|---|---|
| Service in Westchester County | 1 | $65.00 | $65.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | **Total Service Fees:** | | $65.00 |
| | **Total Amount Due =** | | $65.00 |
| Remarks: | | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAW OFFICE OF PETER A. ROMERO PLLC
David Barnhorn Esq.
825 VETERANS HIGHWAY, SUITE B
HAUPPAUGE, NY 11788

Job #          2123865
Client File#
Invoice Date:  October 19, 2021
Client ID      995573

Intercounty Judicial Services
6851 Jericho Turnpike, Suite 180
Syosset, NY 11791

**Total Amount Due = $65.00**

**Amount Enclosed** _____

# INTERCOUNTY JUDICIAL SERVICES

6851 JERICHO TURNPIKE, SUITE 180, SYOSSET, NY 11791
TAX ID No.: 27-1372122

PHONE 516-248-8270   Fax 516-294-6225

Job # 2123051
10/12/2021
Your File No.:

LAW OFFICE OF PETER A. ROMERO PLLC
David Barnhorn Esq.
825 VETERANS HIGHWAY, SUITE B
HAUPPAUGE, NY 11788

| | | |
|---|---|---|
| **Caption:** | *CANDELARIO CORDERO, on behalf of himself, individually, and all other persons* <br> Plaintiff/Petitioner <br> *vs* <br> *ELEZAJ & SONS REALTY ASSOCIATES, LLC, MARASH ELEZAJ and KOLA* <br> Defendant/Respondent | Date Received: 9/29/2021 <br> Serve By Date: 10/8/2021 <br> Docket or ID #: 1:21-CV-06899-JGK <br> County: Southern <br> Court: UNITED STATES DISTRICT COURT |
| **Re:** | **KOLA ELEZAJ** | SOUTHERN DISTRICT OF NEW YORK |
| **Docs Served** | Summons in a Civil Action and Complaint          Date Served: 10/4/2021 <br> Place Served: 4 RAMPART PASS, WACCABUC, NY 10597 | |

| Service Description | Qty | Fee | Amount |
|---|---|---|---|
| Exp - Copies For Service 2 sets of 14pg | 28 | $0.15 | $4.20 |
| Service in Westchester County | 1 | $65.00 | $65.00 |
| Postage - Regular Mail | 1 | $3.00 | $3.00 |
| | | | |
| | | **Total Service Fees:** | $72.20 |
| | | **Total Amount Due =** | $72.20 |

**Remarks:**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAW OFFICE OF PETER A. ROMERO PLLC
David Barnhorn Esq.
825 VETERANS HIGHWAY, SUITE B
HAUPPAUGE, NY 11788

Job #          2123051
Client File#
Invoice Date:   October 12, 2021
Client ID       995573

Intercounty Judicial Services
6851 Jericho Turnpike, Suite 180
Syosset, NY 11791

**Total Amount Due = $72.20**

**Amount Enclosed** _____